UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevin Cason,

    Plaintiff,

v.                                         Case No.  15-12661

Commissioner of Social Security,        Honorable Sean F. Cox

    Defendant.
_____/

**ORDER ADOPTING
IN PART [20] REPORT AND RECOMMENDATION**

Represented by counsel, Plaintiff Kevin Cason filed this action challenging a final decision of Defendant Commissioner of Social Security denying his application for supplemental security income benefits under the Social Security Act.  Thereafter, the parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Elizabeth Stafford for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 9, 2016, Magistrate Judge Stafford issued a Report and Recommendation ("R&R") (Docket Entry No. 20) wherein she recommends that: 1) the Commissioner's motion be granted; 2) Cason's motion be denied; and 3) the Commissioner's decision be affirmed. Magistrate Judge Stafford further recommends that Cason's counsel, "attorney Joshua L. Moore be SANCTIONED and REFERRED to the Chief Judge to consider disciplinary proceedings and/or a referral to the Grievance Commission for investigation." (*Id*. at 2).

As to the recommendation regarding attorney Joshua L. Moore, the R&R states that his brief in this case "fits a now familiar pattern in that it falsely accuses the ALJ of not discussing

1

issues that are plainly analyzed in the decision." (*Id*. at 5). She gives several examples. Magistrate Judge Stafford further asserts that Mr. Moore routinely presents "underdeveloped arguments with not a single citation to the medical record" and notes that Mr. Moore has been warned in other similar cases that he could face sanctions for such conduct. (*Id*. at 6-8). For example, she noted that Judge Gerald Rosen warned Mr. Moore, nearly a year ago:

> Such hyperbole and generalized accusations of ALJ misfeasance are no substitute for engagement with the actual evidence in the administrative record and the explanations and analysis actually put forward by the ALJ. Counsel ill serves his clients by charging the ALJs with wholesale dereliction of their duties, rather than identifying specific findings by the ALJs that might lack evidentiary support or rest upon legally deficient reasoning. Accordingly, counsel is placed on notice that this Court will carefully examine his submissions in future suits to ensure that they advance specific, narrowly tailored, and properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

(*Id*. at 8) (quoting *Roberts v. Comm'r of Soc. Sec*., 2015 WL 5439725 at * 2 (E.D. Mich. Sept. 15, 2015).

Magistrate Judge Stafford states that, even after such warnings, Mr. Moore continues to use caustic language but "does not zealously represent his clients, his arguments are woefully underdeveloped, he overlooks important evidence and altogether fails to cite to the medical record." (*Id*. at 8). She notes that "Moore's business approach appears to be to prolifically file Social Security cases, do minimal work and rely upon Court staff to thoroughly review the record and perform the appropriate legal analysis." (*Id*. at 9). Accordingly, Magistrate Judge Stafford recommends that this Court sanction Mr. Moore and refer him to the Chief Judge to consider disciplinary proceedings and/or a referral to the Grievance Commission for investigation. (*Id.* at 19-20).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

On August 18, 2016, Mr. Moore filed Objections to the Report and Recommendation. (Docket Entry No. 21). Notably, however, the Objections filed by Mr. Moore do not include any objections to the magistrate judge's recommendations that Plaintiff's motion be denied, that the Commissioner's motion be granted, or that the Commissioner's decision be affirmed.

Rather, the Objections filed by Mr. Moore focus on Magistrate Judge Stafford's recommendation that this Court sanction Mr. Moore and/or refer him to the Chief Judge to consider disciplinary proceedings and/or a referral to the Grievance Commission for investigation.

On August 18, 2016, Mr. Moore also faxed to this Court's chambers what appear to be additional – but *ex parte* – objections to the Report and Recommendation.

Having reviewed Magistrate Judge Stafford's Report and Recommendation, and Mr. Moore's objections to same, and mindful of the number of cases wherein similar issues have been raised[1], this Court concludes that the most appropriate course of action is to refer Mr. Moore, pursuant to Local Rule 83.22(c)(3), to the Chief Judge to decide whether the institution of disciplinary proceedings under Local Rule 83.22(e), or referral to the Michigan Attorney Grievance Commission for investigation, would be appropriate.

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Stafford's Report and Recommendation is ADOPTED IN PART. The Report and Recommendation is ADOPTED in

---

[1] *See* cases collected in R&R. (Docket Entry No. 20 at 6-9).

that this Court ORDERS that: 1) Plaintiff's motion for summary judgment is DENIED; 2) the Commissioner's motion for summary judgment is GRANTED; and 3) the Commissioner's decision is AFFIRMED.

IT IS FURTHER ORDERED that the Report and Recommendation is also ADOPTED to the extent that the Court ORDERS that: 1) Plaintiff's Counsel, Joshua L. Moore, shall be referred to the Chief Judge under the Eastern District of Michigan Local Rule 83.22(c)(3) to determine whether disciplinary proceedings under Local Rule 83.22(e) should be instituted; and 2) this matter is referred to the Michigan Attorney Grievance Commission for investigation.

IT IS SO ORDERED.

                                                      S/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: September 1, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 1, 2016, by electronic and/or ordinary mail.

                                                      S/Shawna C. Burns
                                                     Case Manager Generalist